UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20225-CIV-KMW

DORIS NOHEMI ACOSTA CASTILLO,
and all others similarly situated under
29 U.S. C. 216(b),

    Plaintiff,

vs.

RINCON PROGRESENO II CORP.,
and NORA G. BUESO,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, RINCON PROGRESENO II CORP. and NORA G. BUESO, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses, and further state:

1. Admitted for jurisdictional purposes only; Defendants deny Plaintiff is entitled to any relief under the statutes listed in Paragraph 1 of the Complaint.

2. Admitted for jurisdictional purposes only.

3. Admitted that Defendant is a corporation that regularly transacts business within Dade County and was the Plaintiff's employer, however Defendants' deny the remainder of the allegations and demand strict proof thereof.

4. Admitted.

5. Unknown and therefore denied.

## COUNT I FEDERAL OVERTIME WAGE VIOLATION

6. Unknown and therefore denied.

7. Admitted for jurisdictional purposes only, otherwise denied and Defendants demand strict proof thereof.

8. U.S.C. § 207(a)(1) speaks for itself.

9. Admitted that Plaintiff was employed by Defendant, Rincon Progreseno II Corp., otherwise denied.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint and demand strict proof thereof.

11. Admitted that the Defendants regularly employed two or more employees for the relevant time period, otherwise denied and demand strict proof thereof.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint and demand strict proof thereof.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint and demand strict proof thereof.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint and demand strict proof thereof.

## COUNT II FEDERAL MINIMUM WAGE VIOLATION

Defendants restate their answers 1 through 15.

16. 29 U.S.C. § 206(a)(1) speaks for itself as does the remainder of the statements contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint and demand strict proof thereof.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint and demand strict proof thereof.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint and demand strict proof thereof.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead all applicable limitations periods, both as a bar to the claims and requests for relief asserted in the Complaint, and as limitations upon evidence to be admitted or considered in connection with any proceedings in the case.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was paid all monies legally owed to her for any hours worked in excess of forty (40) during her employment with Defendant, and the factual contentions to the contrary contained in Plaintiff's Complaint have no evidentiary support.

### FOURTH AFFIRMATIVE DEFENSE

Any acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA were not willfully committed and Defendants acted with good faith at al times.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims are not compensable pursuant to the *de minimus* doctrine.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the claims are based on time not suffered or permitted to work, as defined by applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from pursuing FLSA violations on behalf of unnamed similarly situated individuals. 29 U.S.C. § 216(b) establishes that no individual shall be a party plaintiff in an FLSA action unless he or she files a consent in writing which must be filed with this Court. No such consent has been filed here by any individual other than the plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to represent unnamed similarly situated individuals.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is entitled to recover any monies under either FLSA, such amount stated in her Statement of Claim [Dkt. 8] is grossly overstated.

Defendants reserve the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of investigation and discovery.

Respectfully submitted,

**ANDERSON LAW GROUP**

/s/ Amie K. Patty
Amie K. Patty, Esq.
Florida Bar No.:  083541
13577 Feather Sound Drive, Suite 500
Clearwater, Florida 33762
Telephone: (727) 329-1999
Facsimile: (727) 329-1499
Email:  apatty@floridalawpartners.com
Email:  eserve@floridalawpartners.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on April 22, 2016 a true and correct copy of the foregoing was electronically filed through CM/ECF which will provide copies to counsel for Plaintiff:

Rivkah F. Jaff, Esq.
J.H. Zidell, P.A.
300 71st St., Suite 605
Miami Beach, FL 33141
David.kelly38@rocketmail.com
Rivkah.jaff@gmail.com
zabogado@aol.com

                 /s/ Amie K. Patty
                 Amie K. Patty, Esq.
                 Florida Bar No.: 083541